IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| CHARLES WESTERBY | § | |
| VS. | § | CIVIL ACTION NO. 1:20-cv-226 |
| KEN PAXTON, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Charles Westerby, proceeding *pro se,* filed the above-styled civil rights lawsuit against several Defendants, including Ken Paxton. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Pending before the court is a motion (doc. #42) filed by the Defendant Paxton asking that the claims against him be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) because he has not been properly served with process.

Prior Proceedings and the Motion to Dismiss

The court previously entered an Order (doc. #37.) directing the Clerk of Court to provide Plaintiff with summonses and copies of the Complaint so that he could Defendants. No return of service has been filed.

In his Motion, Defendant Paxton states that the mail room at the Office of the Attorney General received a summons directed to Defendant Paxton and a copy of the Complaint. The documents were sent by certified mail. Defendant Paxton states the documents indicated Plaintiff had personally mailed the documents.

Discussion

Rule 4(e) of the Federal Rules of Civil Procedure states that individuals may be served either: (1) pursuant to the laws of the applicable state or (2) by delivering a summons and a copy of the complaint to the individual personally or by leaving such documents at the individual's dwelling house or usual place of abode or by delivering such documents to any agent authorized to receive service of process. Rule 4(c) states that any person who is at least 18 years old and not a party may serve a summons.

Rule 106 of the Texas Rules of Civil Procedure states process may be served by anyone authorized to do so by Texas Rule of Civil Procedure 103 by "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto." Rule 103 requires that process be served by "any sheriff or constable or other person authorized by law, (2) any person authorized by law or by written order of the court who is not less than eighteen years of age, or (3) any person certified under order of the Supreme Court." Texas Rule of Civil Procedure 107(c) provides that when service is done by certified mail, the return of service must contain the return receipt with the addressee's signature.

Defendant Paxton's assertion that he has been not been properly served is correct. Under Rule 4(c), Plaintiff is not allowed to serve a summonses himself. Further, while Rule 106 permits service by certified mail, a return receipt with Defendant Paxton's signature has not been filed as required by Rule 107.

However, rather than dismiss the claims against Defendant Paxton, the court should exercise its discretion to quash the prior attempt at service and direct Plaintiff to properly serve Defendant Paxton. Plaintiff is proceeding *pro se* in this matter. While he has not properly served Defendant

Paxton with process, he appears to have made a good faith effort to do so. As Plaintiff is proceeding *pro se* and has made a good faith effort to serve Defendant Paxton, it would not be appropriate to dismiss the claims against Defendant Paxton at this time. Instead, Plaintiff should be given 30 days to properly serve Defendant Paxton.

## Recommendation

The Motion to Dismiss should be granted to the extent that Plaintiff's prior attempt to serve Defendant Paxton with process is quashed. Plaintiff should be given 30 days to properly serve Defendant Paxton.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, (5th Cir. 1996) (*en banc*).

**SIGNED this the 6th day of February, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE