IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| CHARLES WESTERBY | § | |
| VS. | § | CIVIL ACTION NO. 1:20-cv-226 |
| KEN PAXTON, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Charles Westerby, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Allegations

Plaintiff names as Defendants Warden Williams, Warden Newton, Warden Smith and Major Turner. He also names Ken Paxton, the Attorney General of the State of Texas, as a Defendant. Plaintiff alleges the Defendants failed to keep him safe by not providing him with a housing assignment that fit his classification level. Plaintiff further alleges that Defendant Paxton failed to properly train the remaining Defendants.

Standard of Review

Pursuant to 28 U.S.C. § 1915A, a district court shall dismiss a complaint filed by a prisoner seeking redress from a governmental entity or an officer or employee of a governmental entity, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." A complaint may be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a complaint need not contain detailed factual allegations, the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Id*. at 555.

<u>Analysis</u>

*Claims Against Defendants Williams, Turner, Newton and Smth*

The Eighth Amendment to the Constitution requires prison officials to protect inmates. *Farmer v. Brennan*, 511 U.S. 825, 832-3 (1994). In order to establish a failure to protect claim, a plaintiff must satisfy two components–one objective and one subjective. *Lawson v. Dallas Cnty.*, 286 F.3d 257, 262. To satisfy the objective component, the plaintiff must prove he was exposed to a substantial risk of serious harm. *Farmer*, 511 U.S. at 834; *Lawson*, 286 F.3d at 262. The plaintiff must also demonstrate the defendant was deliberately indifferent to that risk. *Farmer*, 511 at 834; *Lawson*, 286 F.3d at 262. The deliberate indifference standard is a subjective inquiry. The plaintiff must establish that a defendant was aware of and disregarded an excessive risk to his health or safety. *Farmer*, 511 U.S. at 837. A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards the risk." *Id*.

Plaintiff alleges Defendants Williams, Turner, Newton and Smith failed to keep him safe because they did not provide him with a correct housing assignment. However, Plaintiff does not allege he ever informed any of the defendants that he felt unsafe or that his housing assignment was incorrect. As Plaintiff fails to allege facts indicating any of these Defendants were aware of facts showing indicating he was subject to a substantial risk of serious harm, he has failed to indicate any of these Defendants were deliberately indifferent to a threat to his safety. He has therefore failed to state a claim against these Defendants upon which relief may be granted.

*Claim Against Defendant Paxton*

Plaintiff alleges that Defendant Paxton, as a supervisory official, failed to properly train the remaining Defendants.[1] However, supervisory officials cannot be held vicariously liable under Section 1983 for the acts of their subordinates under a theory of *respondeat superior*. *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987). In order for a supervisory official to be liable, a

---

[1] It is not clear that Defendant Paxton, as Attorney General, had supervisory authority over the remaining Defendants, who are employees of the Texas Department of Criminal Justice. However, for the purposes of this Report and Recommendation, it will be assumed Defendant Paxton had supervisory authority.

plaintiff must demonstrate that the supervisory official was personally involved in the alleged constitutional violation or that he committed wrongful acts that were casually connected to the constitutional deprivation. *Jones v. Lowndes Cnty., Miss.*, 678 F.3d 344, 349 (5th Cir. 2012).

Plaintiff does not allege Defendant Paxton were personally involved in the alleged failure to keep him safe. Nor does he describes actions Defendant Paxton took or failed to take that led to the remaining Defendants being improperly trained. Plaintiff has therefore failed to state a claim against Defendant Paxton upon which relief may be granted.

## Recommendation

This lawsuit should be dismissed for failure to state a claim upon which relief may be granted.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 6th day of July, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE